UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ROBERT A. EMRICK, | : | Case No. 3:19-cv-320 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY

Plaintiff Robert Emrick brings this case challenging the Social Security Administration's denial of his applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #10), the Commissioner's Memorandum in Opposition (Doc. #15), Plaintiff's Reply (Doc. #18), and the administrative record (Doc. #9).

## I.   **Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on May 31, 2016, alleging disability due to several impairments, including residuals of left shoulder injury, obesity, chronic gout, diabetes

mellitus, affective disorder, and anxiety disorder.  After Plaintiff's applications were denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Laura S. Twilley.  Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations.  *See* 20 C.F.R. §§ 404.1520, 416.920.[1]  She reached the following main conclusions:

Step 1:     Plaintiff has not engaged in substantial gainful employment since July 6, 2015.

Step 2:     He has the severe impairments of residuals of a left shoulder injury, obesity, chronic gout, diabetes mellitus (DM), affective disorder, and anxiety disorder.

Step 3:     He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:     His residual functional capacity, or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec*., 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work" with numerous limitations, including "lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; pushing or pulling similar amounts; standing, walking, and sitting for six hours each; no climbing of ropes, ladders, or scaffolding; no balancing or ambulating on uneven terrain or surfaces; no more than occasional ability to perform all other postural activity; no more than frequent reaching with the non-dominant left upper extremity but no reaching above shoulder level; n more than occasional interaction with supervisors and coworkers; no more than incidental superficial contact with the public, such as sharing common areas like hallways and elevators; and no more than simple, routine, repetitive tasks without production quotas."

            He is unable to perform any of his past relevant work.

Step 5:     He could perform a significant number of jobs that exist in the national economy.

---

[1] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

(Doc. #9-2, *PageID* #s 46-57). Based on these findings, the ALJ concluded that Plaintiff was not under a benefits-qualifying disability. *Id.* at 58.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #9-2, *PageID* #s 43-58), Plaintiff's Statement of Errors (Doc. #10), the Commissioner's Memorandum in Opposition (Doc. #15), and Plaintiff's Reply (Doc. #18). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. <u>Standard of Review</u>

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

III.    **Discussion**

Plaintiff raises five issues in his Statement of Errors, each of which the Commissioner opposes. The Court finds that remand is required as to Plaintiff's specific contention that ALJ Twilley incorrectly believed she was bound by Sixth Circuit precedent in *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 841-42 (6th Cir. 1997) to adopt the residual functional capacity ("RFC") determination made by ALJ Christopher Dillon in his decision denying Plaintiff's prior applications for benefits.

In *Drummond*, the Sixth Circuit held that the principles of *res judicata* apply to both disability applicants and the Commissioner in Social Security cases. *Id.* at 841-42. Specifically, the *Drummond* Court found that, absent evidence of "changed circumstances" relating to an applicant's condition, "a subsequent ALJ is bound by the findings of a previous ALJ." *Id*. at 842. In response to *Drummond*, the Social Security Administration subsequently issued Acquiescence Ruling ("AR") 98-4(6), which provides:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

AR 98-4(6), 1998 WL 283902, at *3 (Soc. Sec. Admin. June 1, 1998).

Just a few months prior to ALJ Twilley's decision in the instant case, the Sixth Circuit clarified the scope of *Drummond* in *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018). In *Earley*, the Sixth Circuit explained that *res judicata* only applies if an applicant files a subsequent application for the same period of disability that was rejected in the prior decision. *Id.* at 933. The Sixth Circuit pointed out that *Drummond* was never intended to extend *res judicata*

to foreclose review of a new application for a new period of time, reasoning that "[a]ny earlier proceeding that found or rejected the onset of disability could rarely, if ever, have 'actually litigated and resolved' whether a person was disabled at some later date." *Id*. Rather, in cases where disability is alleged for a distinct period of time, the application is entitled to a "fresh look." *Id*. This, of course, is not to say that a subsequent ALJ cannot consider a prior ALJ's decision. After all, in the absence of new and additional evidence, the subsequent ALJ may treat the prior ALJ's findings as "legitimate, albeit not binding, consideration in reviewing a second application." *Id*.

Nonetheless, in order to effectuate the intent of *Earley*, a meaningful "fresh look" must provide an applicant with an "opportunity for a full hearing, with no presumptions applied, when the claim covers a new period of time not addressed in the prior hearing." *Ferrell v. Berryhill*, No. 1:16-CV-00050, 2019 WL 2077501, at *5 (E.D. Tenn. May 10, 2019); *see also*, *Maynard v. Comm'r of Soc. Sec.*, No. 2:18-CV-959, 2019 WL 3334327, at *6 (S.D. Ohio July 25, 2019) (Jolson, M.J.), *report and recommendation adopted*, No. 2:18-CV-959, 2019 WL 3891859 (S.D. Ohio Aug. 16, 2019) (Smith, D.J.). Otherwise, an applicant whose claim is heard before an ALJ applying the presumption set forth in AR 98-4(6) faces "an unwarranted procedural burden… at the second hearing." *Id*. In short, when evaluating a subsequent application for benefits for a distinct period of time, an ALJ may consider a previous ALJ's RFC assessment but errs "when he considers the previous RFC a mandatory starting point for the analysis." *Gale v. Comm'r of Soc. Sec.*, No. 1:18-CV-859, 2019 WL 8016516, at *5 (W.D. Mich. Apr. 17, 2019), *report and recommendation adopted*, No. 1:18-CV-859, 2020 WL 871201 (W.D. Mich. Feb. 21, 2020); *see also*, *Dilauro v. Comm'r of Soc. Sec.*, No. 5:19 CV 2691, 2020 WL 9259708, at *10 (N.D. Ohio Nov. 19, 2020), *report and recommendation adopted*, No. 5:19-CV-2691, 2021 WL 1175415

5

(N.D. Ohio Mar. 29, 2021) ("[T]he ALJ considered this new evidence… but from a starting point of evaluating whether it was compatible with the prior RFC…. That violates the statutory framework governing disability claims."); *Dunn v. Comm'r of Soc. Sec.*, 2018 WL 4574831, at \*3 (W.D. Mich.) ("In performing this analysis, ALJ Jones' decision was essentially a review of ALJ Moscow Michaelson's RFC findings ... rather than a 'fresh review' of plaintiff's 'new application for a new period of time.'").

In this case, Plaintiff's instant applications for benefits involve a distinct period of time following his prior applications before ALJ Dillon.  ALJ Dillon's decision addressed whether Plaintiff had been under a disability from June 30, 2012 through the date of his decision on November 7, 2014, (Doc. #9-3, *PageID* #s 157-169), while Plaintiff's instant applications allege ongoing disability since July 6, 2015. (Doc. #9-5, *PageID* #301).  In fact, during the hearing before ALJ Twilley, Plaintiff's counsel even requested to amend the prior alleged onset date to July 6, 2015, the date in which Plaintiff started receiving mental health treatment, in order to help clarify his mental health deterioration from the prior hearing.  (Doc. #9-2, *PageID* #s 74-76, 99-100).  Therefore, under *Earley's* precedent, ALJ Twilley was required to give a "fresh look to a new application containing new evidence ... cover[ing] a new period of alleged disability."  *Earley*, 893 F.3d at 931.

Notably, as part of these new applications, Plaintiff submitted a great deal of new and additional evidence regarding his mental impairments during the period subsequent to ALJ Dillon's decision.  For example, he submitted several years' worth of treatment records from Darke County Recovery Services, treatment records and interrogatory responses from his primary care provider, Cecelia Myers, NP, and a medical impairment questionnaire from his counselor, Robert N. Waint, LPCCS.  (Doc. #9-7, *PageID* #s 363-421, 440-532, 536-600).  While ALJ Twilley

6

acknowledged that this subsequent application involved new, material evidence, she did not simply treat ALJ Dillon's prior RFC determination as a "legitimate, albeit nonbinding consideration," as directed by *Earley,* but, rather, as a mandatory starting place for her own RFC determination. Indeed, in adopting ALJ Dillon's RFC determination, ALJ Twilley recited the standard set forth by AR 98-4(6) and *Drummond*, despite the Sixth Circuit having issued *Earley* a few months prior. That is, in adopting ALJ Dillon's prior RFC determination, ALJ Twilley stated:

> Unless new and material evidence or changed circumstances provide a basis for providing a different finding concerning [Plaintiff's] residual functional capacity, the Administration cannot make a different finding in adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act (Acquiescence Ruling 98-4(6); *Drummond v. Commissioner,* 126 F.3d 837 (6th Cir. 1997)). In this case, [Plaintiff] has not produced new and material evidence documenting a significant change in [Plaintiff's] condition. Thus, Judge Dillon's previous residual functional capacity determination is adopted herein.

(Doc. #9-2, *PageID* #43).

ALJ Twilley's mistaken adherence to ALJ Dillon's decision as a mandatory starting point for her own decision permeated the entire adjudication of Plaintiff's claim. For example, while ALJ Twilley provided a detailed review of the newly submitted evidence, she did so against the backdrop of ALJ Dillon's prior findings, framing her review of the evidence as a question of whether it "support[ed] a departure from the mental [RFC] from the final and binding decision dated November 7, 2014" instead of as a question of what mental RFC the new evidence independently supported. *Id.* at 47.

Similarly, ALJ Twilley's mistaken understanding that she was bound by ALJ Dillon's RFC determination also tainted her review of the state medical opinions. Here, ALJ Twilley recognized that both Dr. Kirwin and Dr. Matyi themselves relied on *Drummond* to adopt the prior ALJ's RFC determination. *Id.* However, as this Court has previously recognized, "as a matter of common sense, the holding in *Earley* must be extended to those reviewing doctors." *See Parrish v. Comm'r*

*of Soc. Sec.*, No. 3:17-CV-411, 2019 WL 4667730, at *2 (S.D. Ohio Sept. 25, 2019) (Rice, D.J.). That is, "[l]ike the ALJ, [reviewing doctors] must take a "fresh look" at the new and additional evidence to determine whether it supports the new application for a more recent time period. *Id*. Thus, reviewing doctors who fail to provide their own fresh look of the evidence cannot constitute substantial evidence in support of an ALJ's decision. *Id*.

Here, both ALJ Twilley and the doctors to whom she attributed "great weight" failed to take a fresh look at Plaintiff's new and additional evidence. Simply put, their "mistake was to credit ALJ [Dillon's] findings because AR-98-4(6) and *Drummond* mandated them to do so, not because their fresh look at Plaintiff's new and additional evidence led them to do so." *Parrish v. Comm'r of Soc. Sec.*, No. 3:17-CV-00411, 2019 WL 1465387, at *7 (S.D. Ohio Apr. 3, 2019) (Ovington, M.J.), *report and recommendation adopted*, No. 3:17-CV-411, 2019 WL 4667730 (S.D. Ohio Sept. 25, 2019) (Rice, D.J.) In this regard, ALJ Twilley's decision not only utilized the wrong legal standard, but also relied on flawed opinion evidence. As a result, Plaintiff remains entitled to a full hearing without the additional procedural burden to overcome, for which he has not yet received. *Earley*, 893 F.3d at 934 ("All roads in the end lead to this destination: The ALJ should have another opportunity to review the application under the correct standard."); *Ferrell*, 2019 WL 2077501, at *6 ("The application of the presumption in AR 98-4(6), interpreting *Drummond,* creates an unwarranted procedural burden for claimants at the second hearing ... the Court finds Plaintiff is entitled to a new hearing").

Accordingly, Plaintiff is entitled to a new hearing where his records are reviewed without a presumption that the prior RFC remains the proper RFC.[2]

---

[2] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

## IV. __Remand__

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to have this case remanded the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical

source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his applications for Disability Insurance Benefits and Supplemental Security Income should be granted.

### IT IS THEREFORE ORDERED THAT:

1.  The Commissioner's non-disability finding is vacated;

2.  No finding is made as to whether Plaintiff Emrick was under a "disability" within the meaning of the Social Security Act;

3.  This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

4.  The case is terminated on the Court's docket.

September 21, 2021                                        s/Peter B. Silvain, Jr.
                                                         Peter B. Silvain, Jr.
                                                         United States Magistrate Judge